**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MIGUEL ANGEL RIVERA,

    Plaintiff,

    v.

WAYNE O. HILL, *et al.*,

    Defendants.

Civil Action No.:  PX-22-1517

**MEMORANDUM OPINION AND ORDER**

Plaintiff Miguel Angel Rivera, an inmate at Dorsey Run Correctional Facility, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, and thereafter amended his Complaint on August 19, 2022.  ECF No. 7.  The Amended Complaint involves events that took place at Jessup Correctional Institution ("JCI") and Western Correctional Institution ("WCI"), and names ten individual Defendants: "Director" Wayne O. Hill; JCI Warden Allen Gang, JCI Sargent Messon, JCI Sargent Lee, JCI Sargent Lepa, JCI Officer Jackson, JCI Officer Asongoing (collectively the "JCI Defendants"); WCI Warden Ronald Weber, WCI Case Manager Corey Walker, and WCI Officer Zembower (collectively the "WCI Defendants").

28 U.S.C. § 1915A requires this Court to screen pro se prisoner complaints for sufficiency. In doing so here, the Court gives the Amended Complaint a liberal reading, construing all facts as true and in the light most favorable to Rivera.  *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).  For the following reasons, the claims fail as a matter of law, but the Court will permit Rivera one final opportunity to particularize his claims consistent with this Memorandum Opinion and Order.

## I.   Background

At JCI, Rivera had been placed administrative segregation for five months without review. ECF No. 7 at 3, 5.   During that time, he experienced a cockroach infestation in his cell, and found one such bug in his lunch.   *Id.* at 5-6.   He complained about this and other infestations to Defendant Officers Johnson, Messon, Lee, and Lepa, but JCI took no remedial action.   *Id.* at 5-6.   Rivera next attempted to file an Administrative Remedy Procedure ("ARP") by giving the completed forms to Defendants Lee and Messon, but Rivera never received a copy of the filed forms in return.   *Id.* at 5-6.   Also while at JCI, Rivera had been prescribed certain medication that made his stomach upset and caused other digestive problems.   *Id.* at 7.

 On November 7, 2019, Rivera was transferred to WCI and placed in a cell with an inmate named "Michael," who sexually assaulted and harassed him.   Rivera communicated the assault to Defendant Zembower.   He also refused to return to the cell and received a "disciplinary ticket" as a result.   *Id.*   Rivera appealed the ticket to Defendant Warden Weber explaining the situation, but Weber "didn't do nothing."   ECF No. 7.   Rivera also told his case manager, Defendant Corey Walker.   Walker directed that Rivera write a statement and thereafter, Walker reported the incident pursuant to his obligations under the Prison Rape Elimination Act.   *Id.*   Rivera also informed Walker that his "enemies" are housed at WCI.   In response, Walker told Rivera that he does not have any "documented enemies."   *Id*.

## II.   Analysis

### a.  Defendants Hill and Gang

Rivera names as individual Defendants Wayne Hill and JCI Warden Allen Gang, but no Complaint facts reflect their personal involvement in either the JCI or WCI Incidents.   Section 1983 liability attaches only to those who personally participate in the alleged constitutional

deprivations.  Accordingly, no liability flows from a defendant's mere supervision of others who may have committed wrongful acts.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983).  Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'"  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

That said, if a supervisor had had actual or constructive knowledge that his subordinate was engaged in conduct posing a pervasive and unreasonable risk of constitutional injury to plaintiff and that supervisor's response had been so inadequate as to give rise to an inference of deliberate indifference to or tacit authorization, then a cause of action may lie against the supervisor.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  But none of the facts alleged in the Amended Complaint pertain Hill or Gang.  Without any factual averments making plausible their individual participation in any alleged constitutional deprivations, Hill and Gang must be dismissed from the action, albeit without prejudice.

### b.  JCI Allegations

The Amended Complaint, in essence, alleges that Rivera's deplorable living conditions amount to an alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment.  ECF No. 7.  Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment.  *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981).  By contrast, merely restrictive or even harsh living situations "are part of the penalty that criminal offenders pay for their offenses against society."  *Id*.  To make plausible an Eighth Amendment claim in this context, the Amended Complaint must aver facts showing that

Defendants' deprivation was sufficiently serious so as to objectively amount to a "deprivation of [a] basic human need," and that "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (emphasis in original) (citation omitted). The plaintiff may also "demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (citing *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta*, 330 F.3d at 634 (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).

As to the subjective component of an Eighth Amendment conditions of confinement claim, the Amended Complaint must make plausible that Defendants were deliberately indifferent to the extreme deprivations. *De'Lonta*, 330 F.3d at 634 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Some facts must make plausible that the Defendants knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 834. "An accidental or inadvertent response to a known risk is insufficient to create Eighth Amendment liability." *Anderson v. Kingsley*, 877 F.3d 539, 544 (4th Cir. 2017).

The Amended Complaint facts fall short as to this claim. Rivera's exposure to bug infestation, as described, is undoubtedly difficult to bear. But standing alone, the allegations are too conclusory to make this claim plausible. Accordingly, the claim is dismissed without prejudice.

Likewise, as to the allegation that Rivera received constitutionally inadequate medical care, the Amended Complaint does not name any Defendants whom Rivera seeks to hold accountable. Nor does the Amended Complaint provide any details about the nature of the injuries or illnesses

that Rivera had suffered, or how any particular employee ignored Rivera's condition such that he suffered injury as a result.  Thus, those allegations, too, will be dismissed without prejudice.

### c.  WCI Allegations

The WCI incident appears slightly more viable.  The Amended Complaint avers that Rivera was housed in administrative segregation at JCI for "8 or 9 month[s]" without review.  ECF No. 7 at 3, 5.  The Amended Complaint also avers that the WCI Defendants failed to protect Rivera from a sexual assault, despite some advance warning that the alleged perpetrator, Michael, had been harassing Rivera.  *Id*. at 7.  Rivera's placement in protective custody makes Michael's access to Rivera during a shower even more suspect.  That said, the Amended Complaint does not provide sufficient detail to allow the claim to go forward.

As to the allegation that Rivera had been housed in segregation for an inordinately long time "without review," the Amended Complaint does not name any individual defendant whom Rivera seeks to hold responsible for this detention.  Nor does the pleading specify any acts or omissions of the Defendants that gave rise to his lengthy detention or any injuries flowing from such detention.

As to his claim regarding the alleged sexual assault, the Amended Complaint provides little detail about how Defendants were on notice that Michael might *sexually* assault him; mere forewarning that Michael had "harassed" Rivera, without any further detail, is not sufficient. Nothing in the Amended Complaint describes what Defendants knew in advance of the attack about the risks Michael posed to Rivera, or what steps, if any, did Defendants take in response.

### III.    Allowing further Amendment to the Allegations

Because Rivera proceeds pro se, and he has stated one or more potentially cognizable claims, he will be afforded one final opportunity to amend the Amended Complaint to add facts

supporting his allegations and name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Any proposed second amended complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) requires that complaint allegations must be "simple, concise, and direct." A complaint that includes only legal conclusions, labels, or a formulaic recitation of the elements of a cause of action, does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. Proc. 10(a).

Rivera is reminded that the second amended complaint will replace the current Amended Complaint. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Accordingly, Rivera must include all allegations against each of the defendants he names so that the second amended complaint stands alone as the sole complaint in this case. Last, Rivera is warned that failure to file a second amended complaint consistent with this Order may result in the dismissal of the case with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). If Rivera, while incarcerated, has three such actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

**IV.     Motion for Appointment of Counsel**

Rivera has also filed a Motion for Appointment of Counsel.  ECF No. 6.  This Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary and should be exercised when an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  Rivera urges appointment because he is imprisoned with limited access to a law library and the issues raised are complex.  ECF No. 6.  The case is in its infancy and so far, Rivera has shown the capacity to present his claims.  Thus, the Court will not appoint counsel presently, but may revisit the request should the case proceed to formal discovery.

Accordingly, it is this 5th day of October 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  The claims as pleaded fail as a matter of law; Rivera IS GRANTED 28 days from the date of this Order to file an Amended Complaint to cure the pleading deficiencies;

2.  Rivera IS FOREWARNED that failure to comply with this Order in the time specified will result in dismissal of all claims without prejudice and without further notice from the Court;

3.  Rivera's Motion for Appointment of Counsel (ECF No. 6) IS DENIED without prejudice; and

4.  The Clerk SHALL SEND a copy of this Memorandum Opinion and Order to Rivera.

/S/
_____
Paula Xinis
United States District Judge